UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY C., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:22-cv-00313-LEW |
| | ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand for the matter for further proceedings.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 5, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 8-9).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 974), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ determined there were three relevant time periods to assess. The first period was December 21, 2016, to March 1, 2018; the second period was March 2, 2018, to September 16, 2019; and the third period began on September 17, 2019. (R. 987, 995, 996.)

For each period, the ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease; carpal tunnel syndrome; obesity; bladder prolapse; cystocele; rectocele; and interstitial cystitis. (R. 987.) For the second period, the ALJ found that Plaintiff had the additional severe impairment of fecal incontinence due to sacral nerve damage. (R. 987.)

The ALJ found two residual functional capacities (RFC), one for the first and third periods and a different RFC for the second period. For the first and third periods, the ALJ found that Plaintiff could perform light work and must change positions for three to five minutes every forty-five minutes. (R. 999.) Plaintiff could occasionally stoop, kneel, crouch, and crawl; but could never climb ladders, ropes of scaffolds. (R. 999.) For the second period, the ALJ found that Plaintiff could perform light work, except she would need to change position for three to five minutes every forty-five minutes. (R. 995.) Plaintiff could occasionally stoop, kneel, crouch and crawl but could never climb ladder ropes, or scaffolds. (R. 995.) Plaintiff could not tolerate work at unprotected heights and would need unrestricted access to toilet facilities. (R. 995.)

Based on the RFC findings, Plaintiff's age, education, and work experience, the

ALJ concluded that for the second period (March 2, 2018, through September 16, 2019) there were no jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. (R. 997.)  The ALJ, therefore, found Plaintiff to be disabled for the second period. The ALJ concluded that before March 2, 2018, and after September 16, 2019, Plaintiff could perform her past relevant work as a medical coder and an administrative clerk. (R. 996, 1000.)  The ALJ thus determined that Plaintiff was not disabled for the first period (December 21, 2016, to March 1, 2018) and is not now disabled (September 17, 2019 – present).

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence. Plaintiff contends that the ALJ erred when he failed to find that Plaintiff's fecal

3

incontinence was a severe impairment in the first and third periods; that the "ALJ's limited assessment of the Plaintiff's spinal impairment, without medical opinion, was based upon an improper interpretation of raw medical data and not adequate to establish medical improvement" (Plaintiff's Brief at 16, ECF 16); and that the ALJ did not adequately address Plaintiff's obesity.

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act.  20 C.F.R. § 416.920(a)(4)(ii).  The step 2 requirement of "severe" impairment imposes a *de minimis* burden, designed merely to screen groundless claims.  *McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1123 (1st Cir. 1986).  An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85–28).  In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis.  *Id.*

Two state agency medical consultants, Archibald Green, D.O. and Robert Hayes, D.O., offered opinions as to Plaintiff's RFC in 2017. (R. 992.) Dr. Green assessed the same RFC that was ultimately adopted by the ALJ for the first and third periods, without the unrestricted access to the bathroom. (R. 99-100.) Dr. Hayes determined that Plaintiff needed unrestricted access to the bathroom. (R. 115.) The ALJ gave both opinions great

4

weight but gave more weight to Dr. Hayes' opinion for the second period and more weight to Dr. Green's opinion for the first and third periods. (R. 993).

Plaintiff contends the ALJ incorrectly noted that Plaintiff reported she "was doing great" in September 2017 when the statement referred to Plaintiff's subjective feeling in 2015. (R. 968, 991.)  Regardless of whether the ALJ misinterpreted the time Plaintiff made the statement, the record reflects other occasions in which Plaintiff reported having no fecal incontinence during the pertinent time period. (*See, e.g.*, R. 957.)  The medical evidence, including relevant medical expert opinion (i.e., the opinion of Dr. Green), constitutes substantial evidence to support the ALJ's finding regarding Plaintiff's RFC for the first period.

As to the third period, which begins September 17, 2019, the ALJ apparently relies significantly on Plaintiff's reported symptoms to conclude the condition was not severe. In fact, the start date for the third period is the day after Plaintiff reported that with an adjustment to her InterStim, she was "doing a lot better." (R. 1454.)  At the same medical appointment, however, Plaintiff also reported that "leaked" that day. (*Id.*)  In addition, in June 2020, under the assessment of Plaintiff's "incontinence of feces," Plaintiff's primary care provider noted that Plaintiff "has a sacral nerve stimulator that is not working.  She is having more incontinence." (R. 1573.)  Plaintiff's subjective complaints do not suggest that Plaintiff's fecal incontinence issues have resolved. The ALJ did not adequately explain how Plaintiff's ongoing fecal incontinence challenges would have no more than a minimal effect on Plaintiff's work capacity.

The ALJ cannot reasonably rely on Dr. Green's medical expert review, which was

5

conducted nearly four years before the ALJ's findings, to support his assessment of the severity of Plaintiff's fecal incontinence and whether a related RFC restriction was necessary for the third period. "[A] DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted [that] call[s] the expert's conclusions into question." *Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008). The fact that Plaintiff reported continuing, even if somewhat periodic, fecal incontinence issues in the years following the record review and the fact that Plaintiff experienced significant medical development in her sacral region following the review,[2] at a minimum, "call into question" the opinion of Dr. Green. The assessment of Plaintiff's medical developments following Dr. Green's review and the impact of the developments on Plaintiff's fecal incontinences is not within the expertise of a lay person. Without the benefit of an expert opinion, therefore, the ALJ "exceed[ed] the bounds of his competence as a layperson" in his assessment of whether during the third period Plaintiff's fecal incontinence constitutes a severe impairment[3] and whether any related restrictions are necessary for the third period. *Robert S. v. Kijakazi*, No. 2:22-cv-00129-LEW, 2023 WL 415810, at *2 (D. Me. Jan. 26, 2023) (rec. dec.), *aff'd*, 2023 WL

---

[2] Plaintiff required a diskectomy in the sacral region (L5-S1) in March 2018, a subsequent steroid injection, and the insertion of a dorsal column stimulator.

[3] Given that the ALJ determined for the second period that Plaintiff was disabled due to the bathroom limitation, a finding of severe impairment in the third period could change the outcome. The error at Step 2, therefore, is not harmless. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 09–CV–220–B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

1992637 (D. Me. Feb. 14, 2023) (citations omitted).

In sum, as to the third period identified by the ALJ, the ALJ's Step 2 finding, and his RFC finding are not supported by substantial evidence on the record. Remand, therefore, is warranted.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September, 2023.

---

[4] Because I have determined that remand is required based on Plaintiff's claim that the ALJ erred in the assessment of Plaintiff's fecal incontinence, I have not addressed Plaintiff's other claimed errors.